IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 04-cv-01780-WDM

BARBARA A. STEWARD,

    Plaintiff,

v.

JO ANNE B. BARNHART,

    Defendant.

_____

**ORDER**
_____

    This matter is before me on the plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA).  Plaintiff's counsel seeks $6,160 based on claimed 40 hours of work at the rate of $154 per hour.  Defendant resists, arguing that her position was "substantially justified," thereby excusing defendant from attorney fee liability under the EAJA.  Defendant also argues that, if fees are awarded, the requested amount is excessive.

    Plaintiff is not automatically entitled to fees simply because she prevailed, even if her success was based on the lack of substantial evidence to support the ALJ decision.  *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988).  A mistaken legal position may still be substantially justified "if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

    In this case the reasons for reversal and remand were principally legal, not

evidentiary issues.  In particular, and as outlined in my June 21, 2005 Memorandum Opinion and Order, the Administrative Law Judge (ALJ) failed to consider objective medical evidence that was the basis for one treating physician's opinion, and failed to analyze treating physician's opinions in accordance with the standards of *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).  Consequently, there were errors under clearly established law which required remand.  The defendant's position accordingly lacks substantial justification.

Turning to defendant's objections concerning the amount of request, I first note that plaintiff's request fails to meet the standards of D.C.COLO.LCivR 54.3 and § 7 of my Pretrial and Trial Procedures.  He fails to support his claims with any affidavits and without more his request should otherwise be denied.  Given the delay involved in this matter, however, I will proceed as if this claim were properly supported.

Defendant does not challenge counsel's $154 hourly rate but specifically addresses the reasonableness of the hours claimed.  Even though the factual circumstances of this case were more complex than normal, I agree with defendant's argument that the hours charged are excessive in this case.  Almost 24 hours were spent in drafting the original brief.  Given the end product, that is excessive and should be reduced by approximately 25% or 6 hours.  Likewise, the reply brief should not have taken 7.5 hours and will be reduced by 2.5 hours.  Finally, I agree that oral argument only took 1 hour and even allowing for extensive preparation the amount should be reduced by 2 hours.  Accordingly, I will reduce the claimed hours by 10.5 hours so that the remaining hours are 29.5 X $154 or $4,543.  This conclusion is based on my

familiarity with the number of hours normally claimed by plaintiff's attorneys in social security appeals. I also observe that the absence of any verification that the hours claimed were reasonable otherwise required by the local rules and my procedures weighs heavily against the plaintiff's claim.

It is therefore ordered that plaintiff's motion is granted to award plaintiff's counsel $4,543 in attorneys' fees.

DATED at Denver, Colorado, on October 25, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge